UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00040-GNS

SAMSON ANDERSON                                                                                           PLAINTIFF

v.

LUXURY IMPORTS OF BOWLING GREEN;
BRETT DENVER; BMW FINANCIAL SERVICES
NA, LLC; and BMW OF NORTH AMERICA, LLC                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Alter, Amend, Vacate or Set Aside Order of Judgment (DN 28) filed by Plaintiff Samson Anderson ("Anderson"). The motion has been fully briefed and is ripe for decision. For the reasons stated below the Court **DENIES** Plaintiff's Motion.

**I.     SUMMARY OF FACTS AND CLAIMS**

From March 2013 through February 2014, Samson Anderson was employed by Luxury Imports of Bowling Green ("Luxury Imports") as a car salesman. (Compl. ¶¶ 1, 50, DN 1-2). As part of the hiring process, Anderson signed a form ("Employment Agreement") stating that he was an at-will employee and agreeing to arbitrate any claims he had against his employer. (Baron Decl. Ex. A, DN 8-3). At all times relevant to this action, Luxury Imports' General Manager was Brett Denver ("Denver"). (Compl. ¶ 5). During his employment, Anderson "purchased a vehicle from Luxury Imports of Bowling Green which was contracted and financed by BMW Financial Services, NA, LLC, and BMW of North America, LLC, and [] Denver . . . ."

(Compl. ¶ 8). The financing agreement ("Financing Agreement") for the vehicle also contained an arbitration provision. (Burke Decl. Ex. A, DN 8-2; Baron Decl. Ex. B).

On February 1, 2014, Luxury Imports terminated Anderson's employment. (Compl. ¶ 50). Anderson then filed this action alleging racial discrimination relating to his employment by Luxury Imports in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344. (Compl. ¶ 7). He also alleges violations of Title VII, KCRA, and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, by both BMW entities relating to his BMW acquisition, and he maintains that other Luxury Imports customers were subject to similar acts of discrimination. (Compl. ¶¶ 8-9). Finally, Anderson asserts a claim of intentional infliction of emotional distress against Denver in his individual capacity and as an agent for co-Defendants. (Compl. ¶ 10).

After being served, Defendants moved to compel arbitration and stay this proceeding. On August 19, 2015, the Court held a hearing on the pending motion and heard the testimony from two witnesses—Anderson and Gayle Smith, Luxury Imports' Human Resources Manager. The Court granted the Defendants' motion to compel arbitration on September 25, 2015. (Order, DN 27). Plaintiff subsequently filed the motion at issue on October 5, 2015.

## II. STANDARD OF REVIEW

Motions to alter or amend judgments are typically granted "for one of three reasons: (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice." *W. Ky. Royalty Tr. v. Armstrong Coal Reserves, Inc.*, No. 4:11-CV-00114-M, 2013 WL 4500189, at *1 (W.D. Ky. 2013) (citation omitted); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to "relitigate issues previously

2

considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before." *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted); *see also Browning v. Pennerton*, No. 7:08-CV-88-KKC, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position." (citation omitted)). Rule 59(e) motions to alter or amend "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

In regards to Plaintiff's arguments under Rule 60 "it is well settled that the granting of a motion to set aside a judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court." *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986). Nevertheless, "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Id.* (quoting *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)).

### III.    DISCUSSION

Plaintiff brings this motion to alter or amend to challenge the Court's order compelling arbitration in this matter. Plaintiff asserts this Court erred and/or abused its discretion relating to several issues in rendering its decision. (Pl.' Mem. in Supp. of Pl.'s Mot. to Alter, Amend, Vacate, or Set Aside Order of J., DN 28-4 [hereinafter Pl.'s Mot.]).

Plaintiff raises new issues which could have been raised in Plaintiff's response to Defendants' motion to compel and re-addresses issues already discussed by the Court in its

previous Order. The Court has already established that an arbitration agreement in fact existed in this case and that the mere fact that Anderson did not read what he was signing when he had the opportunity to do so is insufficient to invalidate the agreements. (Order 6-8). The majority of Anderson's arguments relate to his claim that the Court failed to consider the "totality of the circumstances" of Plaintiff's waiver of rights and that various provisions in the agreements are "illusory" and "unconscionable." The Court declines to give merit to these arguments. The Court has already considered Plaintiff's unconscionability argument, and this argument has been rejected. (Order 9).

Further, the "totality of the circumstances" indicates Anderson knowingly and voluntarily waived his right to a jury trial. Anderson cites the five-part test set forth in *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 580, 583 (6th Cir. 2003), for the proposition he lacked the ability to waive his rights under the circumstances. (Pl.'s Resp. 12-13). This argument is without merit. The Court considered Anderson's background as a "seasoned car salesman" and college graduate. (Order 9; Tr. 1-6, DN 30). Further, Anderson has presented no evidence which supports that he could not understand the agreement.

Anderson's argument that the arbitration agreement was illusory is also without merit. Since arbitration agreements bind both parties, mutuality is formed and the contract is enforceable. *See Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 974 (6th Cir. 2007) ("In the agreement at issue, the arbitration process was binding on both employer and employee, regardless of who requested arbitration. Thus, employer and employee were equally obligated to arbitrate those disputes falling within the coverage of the plan. *Id*. This is enough to ensure mutuality of obligation and thus constitute consideration."). Anderson cannot argue any provision of the arbitration agreement was illusory and therefore this argument is meritless.

Plaintiff raises a number of other challenges related to the employment and finance arbitration agreements. Plaintiff failed to raise these arguments in his original motion and therefore the Court declines to address these arguments. *See Chisholm v. Am. Cold Storage, Inc.*, No. 3:09-CV-808-CRS, 2013 WL 41629, at *1-2 (W.D. Ky. Jan. 31, 2013) ("Rule 59(e) does not provide parties a forum to present new arguments or theories that, with proper diligence, could have been asserted prior to the judgment being issued." (citation omitted)). For example, Plaintiff claims the employment arbitration agreement is invalid under KRS 336.700, failure to provide a copy of arbitration rules constitutes procedural unconscionability and argues language in the employee handbook makes the employment agreement illusory. (Pl.'s Mot. 24-26). The Court not only questions the validity of these arguments but declines to address them under Rule 59(e).

Plaintiff had ample opportunity to raise these arguments in his original response and failed to do so. Rule 59 does not present an opportunity for the Plaintiff to raise arguments and cite cases which could have been addressed in his original argument. *Chisholm*, 2013 WL 41629, at *2. The motion before the Court raises new arguments as well as re-styling arguments this Court has already rejected after extensive briefing and conducting an oral hearing on the matter. Plaintiff generally seeks a second and more voracious bite at the apple which is not allowed under Rule 59. *Id.* at *2.

Plaintiff reiterates his argument that the finance agreement in this case is invalid under the Kentucky Supreme Court's recent holding in *Dixon v. Daymar Colleges Group, LLC*, No. 2012-SC-000687-DG, 2015 WL 1544450 (Ky. Apr. 2, 2015). (Pl.'s Mot. 28). Plaintiff's reliance on the holding in *Dixon* is misguided. *Dixon* is factually distinguishable because that case

...

involved an arbitration agreement which contained no language reflecting the plaintiffs' assent to the terms of the arbitration agreement. *Id.* at *9.

In this case, the agreement states that by signing the agreement Plaintiff both read and assented to the agreement's terms, which renders *Dixon* is inapplicable to this case. (Burke Decl. Ex. A § 18, DN 8-2). Therefore, Plaintiff has failed to establish the extraordinary circumstances required for the Court to grant this motion and Plaintiff's motion is denied. Further, to the extent Plaintiff petitions the Court to vacate its previous Order under Rule 60(b)(1), the Court exercises its discretion to reject this petition.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Alter, Amend, Vacate, or Set Aside Order of Judgment (DN 28) filed by Plaintiff Samson Anderson is **DENIED.**

**Greg N. Stivers, Judge
United States District Court**
December 17, 2015

cc: counsel of record